UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| ANTHONY B. McCORMICK | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:06-cv-06/4:04-cr-26 |
| | ) | *Collier* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

### **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Anthony B. McCormick ("McCormick"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

**I.    STANDARD OF REVIEW**

This court must vacate and set aside McCormick's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, McCormick "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that McCormick is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. FACTUAL BACKGROUND

McCormick pleaded guilty, without benefit of a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession and transfer of a machine gun, in violation of 18 U.S.C. § 922(o)(1). He was sentenced to concurrent terms of imprisonment of 108 months on each conviction. McCormick did not file a direct appeal.

In support of his § 2255 motion to vacate sentence, McCormick alleges several instances of ineffective assistance of counsel. In amendments to the § 2255 motion, McCormick also alleges that his conviction for being a felon in possession of a firearm violated his Second Amendment right to keep and bear arms.

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), McCormick must demonstrate the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, McCormick bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

McCormick alleges his attorney coerced him into pleading guilty and not going to trial. According to McCormick, it was never explained to him what he was signing nor did he understand the proceedings.

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961).

In accepting McCormick's guilty plea, this court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Criminal Action No. 4:04-cr-26, Court File No. 36, Transcript of Guilty Plea]. The court advised McCormick of the rights he was giving up by pleading guilty and McCormick acknowledged he understood the rights he was waiving. [*Id.* at 18-19]. McCormick specifically engaged in the following exchange with the court:

> THE COURT: Has anyone threatened you or anyone else or forced you in any way to plead guilty"
>
> THE DEFENDANT: No, Your Honor.

[*Id.* at 19].

McCormick also acknowledged the elements of the crimes he was charged with and the government's burden to prove those elements beyond a reasonable doubt. [*Id.* at 23].

McCormick was further advised of the maximum punishment he was facing and acknowledged his understanding of the maximum punishment, as well as the fact that the court would determine his sentence after consideration of the sentencing guidelines and other factors set forth in the presentence report. [*Id*. at 23-25]. Finally, McCormick agreed to the accuracy of the factual basis for his guilty plea and admitted he was pleading guilty because he was in fact guilty. [*Id*. at 26-27].

It is well-settled where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Accordingly, McCormick cannot now allege his guilty plea was coerced by his attorney or he did not understand what he was signing. This claim of ineffective assistance of counsel is without merit.

McCormick also alleges his attorney rendered ineffective assistance of counsel by failing to file a motion for downward departure based upon substantial assistance. A district court may, on motion of the government, reduce a sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another. 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b); USSG § 5K1.1. Whether the government moves for a sentence reduction based on substantial assistance is a matter of discretion, subject only to constitutional limitations, and the district court has no authority to reduce a sentence because

<mark>5</mark>

of the defendant's assistance absent a motion by the government. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *Sullivan v. United States*, 11 F.3d 573, 575 (6th Cir. 1993). McCormick's attorney did not render ineffective assistance of counsel by filing to file a motion for downward departure based upon substantial assistance. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

In an amendment filed more than one year after the filing of the original § 2255 motion, McCormick further alleges his attorney rendered ineffective assistance of counsel by failing to file a motion to suppress evidence and by failing to object to the presentence report. Based upon the following, the court finds this amendment is time-barred.

A federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

McCormick's judgment of conviction was entered on July 13, 2005; because he did not appeal, the judgment became final on July 27, 2005. McCormick therefore had until July 27, 2006, within which to file his § 2255 motion. The original § 2255 motion was timely filed on January 25, 2006. The amendment was not filed until November 19, 2007. [Court File No. 19]. The question, then, is whether the amendment is timely because it "relates back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 640 (2005).[1] *See also Oleson v. United States*, 27 Fed.Appx. 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

McCormick's original § 2255 motion alleged he was coerced into pleading guilty. His new allegations of ineffective assistance of counsel do not relate back to the original pleading, are time-barred, and will not be considered by the court.

---

[1]The AEDPA established a one-year statute of limitation for both motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and habeas corpus petitions pursuant to 28 U.S.C. § 2254. For the most part §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby*, 835 F.2d 672, 673-74 (6th Cir. 1987).

The court notes McCormick's attorney successfully objected to the four-level increase to McCormick's base offense level for possession of a firearm in connection with a felony drug offense, as proposed by the probation officer. Accordingly, McCormick's total offense level was 23, rather than 27, and his advisory guideline sentence range was reduced from 130-162 months to 92-115 months. [Criminal Action No. 4:04-cr-26, Court File No. 37, Transcript of Sentencing, pp. 13-14]. Based upon all of the foregoing, McCormick has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard.

### B. Second Amendment Right to Bear Arms

In a subsequent amendment, McCormick alleges his conviction for felon in possession of a firearm is invalid under the Second Amendment, which provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The government contends this amendment is also time-barred. In a supplementary amendment, however, McCormick relies on the recent Supreme Court decision of *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), in support of his Second Amendment argument.

In *Heller*, the Supreme Court rejected the proposition that the Second Amendment protects only the right to possess firearms in connection with militia service. Instead, the Court endorsed an individual right to possess certain weapons for, among other purposes, self-defense in the home. *Id.* at 2797. The Court thus struck down the District of Columbia's virtual ban on the possession of handguns. *Id.* at 2817-22.

8

The Court noted, however, that "the right secured by the Second Amendment is not unlimited," *id*. at 2816, and expressly stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id*. at 2816-17 (footnote omitted). This limitation on the rights of felons to possess firearms is clearly in accord with the historical limitations placed upon felons. The Sixth Circuit has recently determined that *Heller* did not alter the long-standing constitutionality of "congressional regulation of firearms." *United States v. Frazier*, No. 07-6135, 2008 WL 4949153 at *5 (6th Cir. Nov. 19, 2008) (unpublished decision). Accordingly, McCormick's Second Amendment argument lacks merit.

## IV.   CONCLUSION

McCormick is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** McCormick leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. McCormick having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

/s/

9

Case 4:04-cr-00026   Document 47   Filed 02/17/09   Page 9 of 10   PageID #: 83

**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**